

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 1, 2004

The Honorable Mark E. Price
San Jacinto County Criminal District Attorney
1 State Highway 150, Room 21
Coldspring, Texas 77331

Opinion No. GA-0211

Re: Whether a county judge whom the State Commission on Judicial Conduct has suspended from office with pay is entitled to his full salary (RQ-0160-GA)

Dear Mr. Price:

You ask whether a county judge whom the State Commission on Judicial Conduct (the "Commission") has suspended from office with pay is entitled to his full salary, including a state supplement.[1] *See* TEX. GOV'T CODE ANN. § 25.0015(a) (Vernon 2004) (requiring the state annually to compensate a county that collects fees under section 51.702, Government Code, $35,000 for each of certain statutory county court judges in the county). On a related matter, you ask whether the county may pay a car allowance to a constable and his deputies when they have been temporarily suspended with pay by a district judge under chapter 87 of the Local Government Code. *See* Request Letter, *supra* note 1, at 1.

The county judge in your county was indicted for the "intentional[] or knowing[] misuse [of] government property," a felony offense, on December 12, 2003. *See* State Comm'n on Judicial Conduct, CJC No. 03-0958-CO, Order of Suspension (Dec. 22, 2003). The Commission, which has constitutional authority to suspend from office, "with or without pay," a state court judge "immediately on being indicted . . . for a felony offense or charged with a misdemeanor involving official misconduct," TEX. CONST. art. V, § 1-a(6), ordered that the judge be "suspended from office, with pay" pending further proceedings of the courts or the Commission, State Comm'n on Judicial Conduct, CJC No. 03-0958-CO, Order of Suspension (Dec. 22, 2003). *See generally* TEX. GOV'T CODE ANN. §§ 33.001-.051 (Vernon 2004) (chapter 33, "State Commission on Judicial Conduct"). You ask whether the judge is entitled to his full pay, including a supplement paid by the state under section 25.0015 of the Government Code.[2] *See* Request Letter, *supra* note 1, at 1.

---

[1]*See* Letter from Honorable Mark E. Price, San Jacinto County Criminal District Attorney, to Honorable Greg Abbott, Texas Attorney General (Jan. 8, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]Telephone Conversation with Honorable Mark E. Price, San Jacinto County Criminal District Attorney (Apr. 15, 2004). You inform us that, since the time of your initial request, the judge has been reinstated to his office, but you continue to need an answer to this question. *Id.*

In our opinion, the Commission's constitutional authority encompasses authority to order the state and the county to pay a suspended judge all compensation the judge normally would receive. Article V, section 1-a(6) of the Texas Constitution plainly authorizes the Commission to suspend a judge "with or without pay" and does not suggest that a judge suspended with pay would receive less than the full salary to which he or she is entitled, from all sources. TEX. CONST. art. V, § 1-a(6).

We further conclude that, absent a contrary construction from the Commission, an order suspending a judge "with pay" entitles the judge to his or her total salary, including state-paid supplements. Although the Commission, not this office, is the proper entity to construe the meaning of its order, *cf.* Tex. Att'y Gen. Op. No. JC-0346 (2001) at 4 (stating that the attorney general will not review a court order), the Order of Suspension uses the constitutional phrase "with pay" to expressly provide that the suspended judge will receive pay:

> Having considered the indictment, and having been advised that the defendant . . . allegedly used government property . . . for unauthorized purposes during his employment as the County Judge of San Jacinto County, Texas, the . . . Commission . . . concluded that the offense charged is a felony offense, and determined that [the judge] should be suspended from office, with pay . . . .

State Comm'n on Judicial Conduct, CJC No. 03-0958-CO, Order of Suspension (Dec. 22, 2003). Section 25.0005 of the Government Code expressly states that a statutory county court judge's "total annual salary includes contributions and supplements, paid by the state," including a supplement paid under section 25.0015. TEX. GOV'T CODE ANN. § 25.0005(a) (Vernon 2004).

You ask second about a car allowance paid to a constable and the constable's deputies, who you state have been "temporarily suspended with pay by a District Judge under" section 87.017 of the Local Government Code. *See* Request Letter, *supra* note 1, at 1; *see also* TEX. LOC. GOV'T CODE ANN. § 87.017 (Vernon 1999).

We are unable to answer your second question. We have not seen a copy of this order. Moreover, the court, not this office, is the proper forum for determining what the term "pay" means in this particular order. The trial court that issued the order is the fact finder that receives evidence concerning the amounts at issue, expenses that may be incurred, and information relating to the pay that constable and deputy constables receive. We have not taken evidence, and we do not resolve fact issues in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0156 (2004) at 10 (stating that fact questions cannot be answered in the opinion process). We accordingly defer to the court to determine whether "pay" for the purposes of the court order includes car allowances.

## S U M M A R Y

Absent a contrary construction from the State Commission on Judicial Conduct, a county judge whom the Commission has suspended "with pay" is entitled to receive his or her total salary, including any supplement from the state.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee